**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | I.D.: 91009844DI |
| | ) | |
| CHRISTOPHER DESMOND, | ) | |
| | ) | |
| Defendant. | ) | |

*SUBMITTED: July 23. 2024*
*DECIDED: August 23, 2024*

**ORDER**

*Upon Consideration of Defendant's*
*Motion for Reconsideration of the Court's July 16, 2024 Decision*

**DENIED**

This 23rd day of August, upon consideration of the Motion for Reconsideration of the Court's July 16, 2024 Decision by Defendant Christopher Desmond ("Desmond"), it appears to the Court that:

1.  In November 1992, Desmond was convicted of ten (10) counts of Robbery in the First Degree and three (3) counts of Theft.

2.  In January 1993, Desmond was sentenced to seventy-eight (78) years of Level V incarceration. Defendant has filed numerous unsuccessful petitions, motions, and appeals in this Court, the Supreme Court of Delaware, the United

States District Court for the District of Delaware, the Third Circuit Court of Appeals, and the Supreme Court of the United States since his 1992 conviction. These include eighteen Motions for Post Conviction Relief and at least twelve prior Motions for Sentence Modification.[1]

3. On July 5, 2022, Desmond filed his eighteenth Motion for Postconviction Relief as it relates to the January 1993 sentencing.[2]

4. On July 16, 2024, the Court denied Desmond's June 6, 2024 Motion because it was procedurally barred for not establishing a new rule of constitutional law as necessary to overcome Rule 61's procedural bars, and Desmond's substantive argument was without merit.[3]

5. On October 23, 2023, Desmond filed a Motion for Sentence Modification Pursuant to Rule 35(B) as it relates to the January 1993 sentencing.[4]

6. On July 16, 2024, the Court denied Desmond's June 6, 2024 Rule 35(B) Motion due to procedural bars for the Motion being filed more than 90 days from sentencing and an absence of showing an extraordinary circumstance.[5]

---

[1] D.I. 126, 140, 146, 175, 205, 219, 230, 267, 279, 284, 304, 314, 327, 350, 351, 407, and 411; D.I. 149, 151, 189, 226, 243, 252, 299, 335, 342, 369, 395, and 404.

[2] D.I. 369.

[3] *See* Superior Court of Delaware Order on Defendant's Motion for Postconviction Relief and Defendant's Motion for Sentence Modification Pursuant to Rule 35(B), Case No. 91009844DI (July 16, 2024) (The Court treated Defendant's dual motions as a single motion because they cover the same convictions).

[4] D.I. 395.

[5] *See* Superior Court of Delaware Order on Defendant's Motion for Postconviction Relief and Defendant's Motion for Sentence Modification Pursuant to Rule 35(B), Case No. 91009844DI (July 16, 2024) (The Court treated Defendant's dual motions as a single motion because they cover the same convictions).

7. Desmond seeks reconsideration of the Court's most recent decision on July 16, 2024.[6] First, Desmond points to this Court's ruling that the *State v. Bridgers*[7] and *State v. Owens*[8] decisions did not establish new constitutional law, allowing him to overcome the procedural hurdles of Rule 61(i)(3). These two decisions are Superior Court decisions, not Supreme Court decisions, maintaining that the Supreme Court affirmed the decision in *Bridgers*. What Desmond fails to grasp is that this Court went on to address the underlying merits of his claim and concluded that the substance of his claims, based on the *Bridgers* and *Owens* decisions, did not change the result in this case.

8. As a second grounds for relief, Desmond argues that the Court's July 16, 2024 decision failed to address the Delaware Supreme Court case *Yelardy v. State*.[9] In *Yelardy*, the Court affirmed a conviction for 4 counts of first-degree robbery, among other charges. This Court's review of the *Yelardy* decision leads to a conclusion that nothing stated in the decision affords the defendant any basis for relief and in no way changed the decision in *Bridgers* or *Owens*. In its July 16, 2024 decision, this Court explained the underlying circumstances of Desmond's crime and how the *Bridgers* case affords Desmond no relief.

---

[6] D.I. 424.
[7] 988 A.2d 939 (Del. Super. 2007), aff'd, 970 A.2d 257 (Del. 2009).
[8] 2010 WL 2892701 (Del. Super. Ct. 2010).
[9] 2024 WL 1954299 (Del. 2024).

9. The Court will only grant a Motion for Reargument when it has overlooked controlling precedent or legal principles, or misapprehended the law or facts in a way that would have changed the outcome of the underlying decision.[10] Reargument is not an opportunity for a party to revisit arguments already decided by the Court.[11]

10. This Court is satisfied that it has not overlooked controlling precedent or legal principles, or misapprehended the law or facts that would change the outcome of the July 16, 2024 decision.

Wherefore, Defendant Christopher Desmond's Motion for Reconsideration of the Court's July 16, 2024 Decision is **DENIED**.

**IT IS SO ORDERED.**

*Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

*Original to Prothonotary*

cc:    Andrew Fletcher, Deputy Attorney General
       Christopher Desmond, S.B.I. # 00160380

---

[10] *See Peters ex rel. Peters v. Texas Instruments, Inc.*, 2012 WL 1622396, at *1 (Del. Super. May 7, 2012), *aff'd*, 58 A.3d 414 (Del. 2013), as revised (Jan. 9, 2013).
[11] *See id.*